William C. Rand, Esq.
LAW OFFICE OF WILLIAM COUDERT RAND
711 Third Ave., Suite 1505
New York, New York  10017
(Phone) (212) 286-1425; (Fax)(212) 599-7909
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
MITCHELL HENDRICKS,                                :
Individually, and on Behalf of All Other Persons    :  ECF
Similarly Situated,                                          :   2006 Civ. 3989 (RWS)
                                                                       :
                                      Plaintiffs,              :
                                                                       :
                       -against-                              :
                                                                       :
PREMIER COACH INC., JAMES PREMIER,     :
and JOHN DOES # 1-10, Jointly and Severally,   :
                                                                       :
                                      Defendants.          :
-----------------------------------------------------------------------x

## PLAINTIFFS' MEMORANDUM OF LAW IN
## SUPPORT OF MOTION
## FOR APPROVAL OF COLLECTIVE ACTION NOTICE

Dated: New York, New York
              February 5, 2007

                                   LAW OFFICE OF WILLIAM COUDERT RAND
                                   William Coudert Rand, Esq.
                                   Attorney for Plaintiff, Individually,
                                   and on Behalf of All Other Persons Similarly Situated
                                   711 Third Avenue, Suite 1505
                                   New York, New York 10017
                                   Tel: (212) 286-1425

                                   Co-counsel
                                   Berger & Gottlieb
                                   Jeffrey M. Gottlieb, Esq. (JG-7905)
                                   150 East 18th Street, Suite PHR
                                   New York, New York 10003
                                   Tel: (212) 228-9795

**TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT……………………………………….   1

I.      INTRODUCTION…………………………………………...   1

II.     ARGUMENT…………………………………………….....   3

        A.     Collective Actions under the FLSA……………………   3

        B.     The Factual Nexus is Established in this Case…………   4

        C.     The Collective Action Notice…………………………   10

        D.     Defendants Should Disclose the Names and Last
               Known Addresses of Prospective Plaintiffs……………   11

III.    CONCLUSION…………………………………………......   13

TABLE OF AUTHORITIES

CASES                                                                              Page

Atkins v. General Motors Corp.,
        701 F.2d 1124 (5th Cir. 1983)…………………………………………        11

Bonilla v. Las Vegas Cigar Co.,
        61 F. Supp. 2d 1129 (D. Nev. 1999)…………………………………….        11

Braunstein v. Eastern Photographic Laboratories, Inc.
        600 F. 2d 335 (2d Cir. 1979)…………………………………………….        10

Cook v. United States,
        109 F.R.D. 81 (E.D.N.Y. 1985)………………………………………….        12

Does I thru XXIII v. Advanced Textile Corp.,
        214 F.3d 1058 (9th Cir. 2000)…………………………………………        11

Gjurovich v. Emmanuel's Marketplace, Inc.,
        282 F. Supp. 2d 101 (S.D.N.Y. 2003)………………………………… 3, 10-11

Hoffman v. Sbarro, Inc.,
        982 F. Supp. 249 (S.D.N.Y. 1997) )…………………………....…… 3-4, 10

Hoffman-La Roche, Inc. v. Sperling,
        493 U.S. 165 (1989)……………………………………………………    10, 12

Masson v. Ecolab, Inc.,
        2005 U.S. Dist. Lexis 18022 (S.D.N.Y. August 18, 2005)……………      9

Mielke v. Laidlaw Transit, Incorporated,
        102 F. Supp. 2d 988, 989 (N.D. Ill. 2000)…………………………….      8

Partlow v. Jewish Orphans' Home of Southern Cal., Inc.,
        645 F.2d 757 (9th Cir. 1981)…………………………………………….       11

Schwed v. General Electric Co.,
        159 F.R.D. 373 (N.D.N.Y. 1995)………………………………………..       4

Trinidad v. Breakaway Courier Systems, Inc.,
        2007 WL 103073 (January 12, 2007 S.D.N.Y)………………………..       10

STATUTES

Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA")………………        Passim

Fed. R. Civ. P. Rule 23………………………………………………………        4

Motor Carrier Act.  See 49 U.S.C. § 13506 (a)(1)…………………………...        8

William C. Rand, Esq.
LAW OFFICE OF WILLIAM COUDERT RAND
711 Third Ave., Suite 1505
New York, New York  10017
(Phone) (212) 286-1425; (Fax)(212) 599-7909
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
MITCHELL HENDRICKS,                                    :
Individually, and on Behalf of All Other Persons       :  ECF
Similarly Situated,                                    :   2006 Civ. 3989 (RWS)
                                                       :
                         Plaintiffs,                   :
                                                       :
            -against-                                  :
                                                       :
PREMIER COACH INC., JAMES PREMIER,                     :
and JOHN DOES # 1-10, Jointly and Severally,           :
                                                       :
                         Defendants.                   :
-----------------------------------------------------------------------x

## PLAINTIFFS' MEMORANDUM OF LAW IN
## SUPPORT OF MOTION FOR CLASS CERTIFICATION

### PRELIMINARY STATEMENT

Plaintiff Mitchell Hendricks ("Hendricks" or the "Plaintiff"), on behalf of himself

and on behalf of each and all other persons similarly situated, by his attorneys, submits

this memorandum of law in support of his Motion for Approval of Collective Action

Notice (hereafter, the "Motion").

## I.     INTRODUCTION

In this action, among other claims for relief, Plaintiff seek to recover unpaid

overtime compensation on behalf of himself and other similarly situated employees of

1

Defendants, pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"). Plaintiff now moves the Court to enter an Order permitting this action to proceed as a collective action, requiring Defendants to disclose the names and last-known addresses of current and former employees who are potential plaintiffs, and to approve the form, content and distribution of Plaintiff's proposed "Notice of Lawsuit and Opportunity to Join" and "Consent to Become Party Plaintiff" (attached as Exhibit A and B, respectively, to the Declaration of William C. Rand, Esq. filed herewith), ensuring that potential plaintiffs will be advised of the pendency of this action and their right to "opt in" to this case pursuant to FLSA § 216(b).

  The Named Plaintiff is a former school bus driver employed by Defendants. While employed by the Defendants, the Named Plaintiff and at least 40 other employees were improperly classified as employees "exempt" from the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq. and the New York Labor Law §§ 190 et seq.  As a result of the improper classification, the employees were, and continue to be, denied appropriate compensation for the hundreds of hours of overtime they work and have worked.

  Accordingly, the plaintiff collective action class consists of (1) current and former employees of Defendants who worked as bus drivers who in any given week worked more than 50% of their time transporting school children or who during any given week worked more than 99% of the time driving routes inside the State of New York or who worked in other similar non-managerial, non administrative positions, (2) who were not

paid overtime compensation of one and one-half times their regular rate of pay for hours worked in excess of forty (40) per week.  All such individuals should receive notice and the opportunity to opt-in to this case if they worked in excess of forty (40) hours per week but were not compensated at the rate of time and one-half.

## II.   ARGUMENT

### A.   Collective Actions under the FLSA

The FLSA expressly permits the maintenance of collective actions by similarly situated employees for an employer's violation of the provisions requiring payment of minimum wage and overtime compensation.  FLSA § 216(b) provides in pertinent part as follows:

> Any employer who violates the provisions of section 206 [requiring payment of minimum wage] or section 207 [requiring payment of overtime compensation for hours worked in excess of 40 per week] of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. . . . An action to recover liability . . . may be maintained against any employer . . .  by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.  No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.  The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.

In order to maintain a collective action under FLSA § 216(b), the named plaintiff must demonstrate that other, potential plaintiffs are "similarly situated."  Gjurovich v. Emmanuel's Marketplace, Inc., 282 F. Supp. 2d 101, 104 (S.D.N.Y. 2003) .  This

requirement is satisfied if the named plaintiff demonstrates the existence of a "factual nexus between the [named plaintiff's] situation and the situation of the other current and former [employees]."  Hoffman v. Sbarro, Inc., 982 F. Supp. 249, 262 (S.D.N.Y. 1997). Specifically, the named plaintiff need only make a "modest factual showing sufficient to demonstrate the [the named plaintiff] and potential plaintiffs together were victims of a common policy or plan that violated the law."  Sbarro, at 261; see also Gjurovich, 282 F. Supp. 2d at 104.  The named plaintiff is not required to prove that potential plaintiffs shared identical positions or performed identical work.  Schwed v. General Electric Co., 159 F.R.D. 373, 375 (N.D.N.Y. 1995).  "The burden on plaintiffs is not a stringent one, and the Court need only reach a preliminary determination that potential plaintiffs are 'similarly situated.'"  Sbarro, 982 F. Supp. at 261.

As demonstrated by the foregoing authority, collective actions under the FLSA are materially different from class actions under Fed. R. Civ. P. 23.  Rule 23 requires the proponent of the class action to demonstrate the existence of several factual circumstances, including numerosity of the proposed class, common questions of law or fact, typicality of claims or defenses, and adequate and fair protection of the interests of the class by the representative parties.  Fed. R. Civ. P. 23.  These circumstances are simply not applicable to collective actions under the FLSA, which requires the named plaintiff to show only that potential plaintiffs likely exist.  As discussed below, the declarations by Plaintiffs submitted herewith clearly and sufficiently make the requisite showing in this case.

4

B.     <u>The Factual Nexus is Established in this Case</u>

The declaration of the named plaintiff filed contemporaneously herewith, demonstrates that Defendants adopted and adhered to a policy effectively requiring their employees to work in excess of 40 hours per week without paying overtime compensation at the rate of time and one-half, in violation of FLSA § 207.

For example, Plaintiff Hendricks was a school bus driver employed by Defendant Premier Couch Inc. from on or about February 2005 until on or about December 23, 2005 (the "time period").  His primary job was to drive a bus carrying students on routes assigned by Defendants from or to school.  (Hendricks Declaration at ¶1).  The routes were assigned by Mickey, the supervisor of dispatch.  The assignments were not randomly assigned by a computer and many drivers drove routes repeatedly on a regular schedule.  (Hendricks Declaration at ¶2).

Hendricks' general routes were to drive private school elementary and high school students round trip from their schools to and from Wards Island, Randalls Island, golf courses and other sports and field trip destinations in New York State.  (Hendricks Declaration at ¶3).  During the time period Hendricks spent at least 80% of his time transporting private school students from and to three private schools located in Manhattan: (a) the Chapin School located at 84th Street and York Avenue, (b) the Brearley School located at 83rd Street and York Avenue and (c) a school located at or 14 or 15th Street off Third Avenue.  (Hendricks Declaration at ¶4).  The other 20% of his time he generally spent driving groups to and from Kennedy and La Gaurdia Airport and

doing tours of New York City for tourist groups.  (Hendricks Declaration at ¶5).

      For approximately the first 4 months of Hendricks' employment with Defendants, from approximately February 2005 until May 2005, he was assigned only routes within the State of New York and did not drive routes that crossed any state borders.  (Hendricks Declaration at ¶6.  For approximately the first 4 months of his employment with Defendants, he regularly drove routes only in the State of New York, which did not cross any State borders, and less than 1% of his time was spent driving across any state border. (Hendricks Declaration at ¶7).

      A number of other drivers, including Rodney Dean and the father and son drivers with the last name of Campbell, were also regularly assigned only to routes in the State of New York.  (Hendricks Declaration at ¶8).  Starting approximately, in June 2005, Hendricks was assigned a route to and from the Poconos transporting commuters about two-three times a week but this route took up only a minimal amount of his time. (Hendricks Declaration at ¶9).

      Hendricks worked for Defendants with approximately 40-50 other similar school bus drivers.  (Hendricks Declaration at ¶10).  His duties did not include managerial responsibilities or the exercise of independent judgment.  (Hendricks Declaration at ¶11). During the time period that Hendricks worked for Defendants, he worked for Defendants an average of 80 hours per week.  (Hendricks Declaration at ¶12).  Defendants paid him $10.00 per hour but failed, refused and neglected to pay him any statutory overtime wages for hours in excess of 40 hours per week and/or a spread of 10 hours per day.

(Hendricks Declaration at ¶13).

Hendricks attached as Exhibit A to his Declaration a copy of certain of his payroll receipts demonstrating that he was paid for more than 40 hours a week of time at $10.00 per hour.  (Hendricks Declaration at ¶14).   In addition to Hendricks, during the time period, Hendricks is aware and has personal knowledge of other persons employed by Defendants as school bus driver workers, who performed the same or similar work as himself.  He am aware of at least 40-50 of such similar school bus driver workers.  Moreover there was a very high turnover rate among these employees.  He estimates approximately 4 to 5 employees left Defendant's employ each month.  (Hendricks Declaration at ¶15).

Hendricks and the other similar school bus driver worker employees regularly worked more than 40 hours per week for Defendants.  (Hendricks Declaration at ¶16).  Hendricks and these other similar school bus driver worker employees worked more than 40 hours per week and were paid their regular hourly rate for overtime and were not paid time and one half for our overtime hours.  (Hendricks Declaration at ¶17).  Hendricks knows that others like him were not paid overtime by Defendants because he frequently discussed the issue with these other similar school bus driver worker employees, and because he worked alongside some of the school bus driver worker employees and witnessed the hours that they worked.  He specifically recalls talking with Rodney Dean, David (an African American driver), David (a Puerto Rican driver), and the father and son drivers with the last name of Campbell, who all have stated to him that they worked

as school bus driver workers for more than 40 hours per week and were not paid time and one half for their hours worked over 40 in a workweek ("overtime").  (Hendricks Declaration at ¶18).

In addition, Hendricks complained numerous times to Steve, his supervisor at Defendants, about not receiving overtime and he stated to Hendricks that Defendants did not pay time and one half for overtime hours worked by school bus driver workers but only paid a straight salary. (Hendricks Declaration at ¶19).  Throughout the time period that Hendricks worked at Defendants, and, upon information and belief, both before that time and continuing until the present, Defendants have likewise employed other individuals, like himself, in positions as school bus driver workers.  (Hendricks Declaration at ¶20).  Such individuals have worked in excess of 8 hours per day and/or 40 hours a week, yet the Defendants have likewise willfully failed to pay them overtime compensation of one and one-half times their regular hourly rate.  (Hendricks Declaration at ¶21).

Here, Plaintiff Hendricks is entitled to overtime because he worked more than 50% of his time as a bus driver transporting schoolchildren.  (Hendricks Declaration at ¶4).  Hendricks and the other bus drivers were school bus drivers exempt from the Motor Carrier Act.  See 49 U.S.C. § 13506 (a)(1) (exempting from Motor Carrier Act vehicles transporting school children to or from school); Mielke v. Laidlaw Transit, Incorporated, 102 F. Supp. 2d 988, 989 (N.D. Ill. 2000) ("Although Laidlaw charters bus trips across state lines and the plaintiffs have on occasion driven interstate charter trips, each

plaintiff's primary job is to transport school children to and from school.  Moreover,
many of the interstate charter trips performed by plaintiffs involved school-sponsored
events, such as field trips and sports competitions.").  In addition, Plaintiff Hendricks is
entitled to overtime because he and many of the other drivers during certain weeks of
their employment drove 100% or at least 99% of their routes entirely within the State of
New York.  See Masson v. Ecolab, Inc., 2005 U.S. Dist. Lexis 18022 at *27 and *22
(S.D.N.Y. August 18, 2005) (citing cases) ("the de minimus rule has been held to apply
to drivers who as a class, spent less than one percent of their time traveling across state
lines and were not in the regular course of their employment expected to drive across
state lines"; "To extend the motor carrier exemption to any driving activity, no matter
how infrequent or trivial, would be to encourage employers to send their employees on a
minimal number of interstate trips simply to avoid the overtime compensation provisions
of the FLSA.")  See Goldberg v. Faber Industries, Inc., 291 F.2d 232, 235 (7th Cir. 1961)
(defendant required to pay overtime compensation to 15 of its drivers who, unlike five
other drivers, never traveled interstate on defendant's behalf).

     Judge Mukasey has held:

> The Department of Labor recognizes that an employee's exempt status
> may vary from week to week if the employer shifts the employee from
> "from one job to another periodically on occasion." 29 C.F.R. §
> 782.2(b)(4).  Hence the only way to determine the overtime
> compensation owed to an employee is to examine the job duties of the
> employee **for each week of employment.**

Masson v. Ecolab, Inc., 2005 U.S. Dist. Lexis 18022 at *19 (emphasis added).

     Accordingly, Plaintiff has demonstrated that numerous other similar employees

were not paid overtime at a rate of time and one half as part of a common, illegal policy

of the Defendants.

      **C.**      **The Collective Action Notice**

      FLSA § 216(b) has no specific provision for issuing notice to prospective

plaintiffs in collective actions.  However, it is well established that district courts have the

power to send such a notice to potential plaintiffs.  E.g., Braunstein v. Eastern

Photographic Laboratories, Inc. 600 F. 2d 335, 335-36 (2d Cir. 1979); Sbarro, 982 F.

Supp. at 261(citing Hoffman-La Roche, Inc. v. Sperling, 493 U.S. 165 (1989); Gjurovich,

282 F. Supp. 2d at 104; Trinidad v. Breakaway Courier Systems, Inc., 2007 WL 103073

(January 12, 2007 S.D.N.Y) (Judge Sweet).  It is important to note that, in issuing a

notice to potential plaintiffs, the Court does not adjudicate the merits of the claims of

either the named or potential plaintiffs, or determine that the potential plaintiffs are in

fact similarly situated with the named plaintiff.  As Magistrate Judge Lisa Margaret

Smith of the Southern District in Westchester County noted:

> Here, I determine only that notice may be sent to those people who, at
> this very preliminary stage in the litigation, might be potential plaintiffs.  I
> am not determining that those being notified "are, in fact, similarly situated"
> to the Plaintiff, and I make no determination regarding the legal rights and
> responsibilities of the parties.  . . . Again, the Plaintiff's burden for proving
> that he is similarly situated to these potential plaintiffs is minimal for this
> preliminary determination-a determination that can be modified or reversed
> after discovery is complete.

Gjurovich, 282 F.2d at 105 (citations omitted)

      Plaintiff separately submits herewith a proposed Notice of Lawsuit and

Opportunity to Join.  This notice comports to the specific requirements exhaustively

enumerated by Judge Smith in <u>Gjurovich</u>.  <u>Supra</u>, at 106-109.

     **D.**  <u>**Defendants Should Disclose the Names and Last Known**</u>
            <u>**Addresses of Prospective Plaintiffs**</u>

     Only Defendants know the names and addresses of potential plaintiffs in this case. The Supreme Court has confirmed this Court's inherent authority to require Defendants to disclose that information so that Plaintiff's counsel can circulate the Notice of Lawsuit and Opportunity to Join.  <u>Hoffman-La Roche, Inc. v. Sperling</u>, 110 S. Ct. 482, 486 (1989).  In addition, Defendants should be ordered to provide this information in both paper and digital format to expedite the distribution of the notices, and the proposed Order submitted herewith so provides.

     Plaintiffs' motion for permission to authorize notice to potential class members is critical because the statute of limitations for claims brought under the Fair Labor Standards Act may not be tolled for a particular plaintiff until he or she files with this Court a "Consent to Join" form.  <u>Bonilla v. Las Vegas Cigar Co.</u>, 61 F. Supp. 2d 1129, 1133 (D. Nev. 1999); <u>Partlow v. Jewish Orphans' Home of Southern Cal., Inc.</u>, 645 F.2d 757, 760 (9th Cir. 1981) ("It is true that the FLSA statute of limitations continues to run until a valid consent is filed."); <u>Atkins v. General Motors Corp.</u>, 701 F.2d 1124, 1130 n. 5 (5th Cir. 1983); <u>Does I thru XXIII v. Advanced Textile Corp.</u>, 214 F.3d 1058, (9th Cir. 2000); <u>Sbarro</u>, 982 F. Supp. at 262; 29 U.S.C. § 216(b).  The implication of the continued running of the statute of limitations is obvious: each day that passes before notice is given causes prejudice to the absent plaintiffs.  The statute of limitations demonstrates not only the need for the distribution of notice to purported class members, but the expediency in

which the distribution must occur.

Plaintiffs are not requesting unusual or extraordinary relief, but are requesting relief clearly within the discretion of this Court.  Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165, 171 (1989).  The United States Supreme Court recognized the need for notice in actions like this and also approved Court intervention and authorization of notice, stating:

> Because trial court involvement in the notice process is inevitable in cases with numerous plaintiffs where written consent is required by statute, it lies within the discretion of a district court to begin its involvement early, at the point of the initial notice, rather than at some later time. . . .  The court is not limited to waiting passively for objections about the manner in which the consents were obtained. By monitoring preparation and distribution of the notice, a court can ensure that it is timely, accurate, and informative.

Hoffmann-La Roche, 493 U.S. at 171-172 (1989); Sbarro, 982 F. Supp. at 262 ("courts have endorsed the sending of notice early in the proceeding, as a means of facilitating the FLSA's broad remedial purpose and promoting efficient case management."); Cook v. United States, 109 F.R.D. 81, 83 (E.D.N.Y. 1985) ("certainly, it is unlikely that Congress, having created a procedure for representative action, would have wanted to prevent the class representative from notifying other members of the class that they had a champion.")

**III.     CONCLUSION**

Plaintiffs have shown by their declarations and the exhibits thereto that they are similarly situated with other former and current employees of Defendants.  Accordingly, Defendants should be required to provide the names and addresses of (a) bus drivers who

in any week worked more than 50% of the time transporting school children, (b) bus

drivers who in any given week worked more that 99% of the time on routes that were

inside the State of New York, and (c) all non-bus driver, non-managerial, non

administrative workers they employed within three years preceding the date of the court's

Order on this motion, so that notice of this action may be communicated to them.  For the

foregoing reasons, Plaintiff respectfully requests that Plaintiff's Motion be granted.


Dated: New York, New York
        February 5, 2007


                        LAW OFFICE OF WILLIAM COUDERT RAND

                        S/William C. Rand
                        _____
                        William Coudert Rand, Esq. (WR-7685)
                        Attorney for Plaintiff, Individually,
                        and on Behalf of All Other Persons Similarly Situated
                        711 Third Avenue, Suite 1505
                        New York, New York 10017
                        Tel: (212) 286-1425

                        Co-counsel
                        Berger & Gottlieb
                        Jeffrey M. Gottlieb, Esq. (JG-7905)
                        150 East 18th Street, Suite PHR
                        New York, New York 10003
                        Tel: (212) 228-9795